Submitted August 6, reversed and remanded September 9, 2021

J. B. Z.,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Respondent-Respondent.*

Washington County Circuit Court
20CV04805; A174209

499 P3d 150

Brandon M. Thompson, Judge.

Jon P. Stride, Tonkon Torp LLP, Melissa Y. Chinn, and Kauffman Kilberg LLC filed the opening brief for appellant. Also on the reply brief was Gwendolyn Griffith.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Petitioner seeks review of an order denying his request for relief from sex offender registration pursuant to ORS 163A.130. The state concedes that the trial court's basis for denying the request for relief was legally erroneous, and agrees that the case should be remanded to the trial court for further consideration. We agree and accept the state's concession.

In 2001, petitioner admitted in juvenile court to allegations that he committed acts that, if committed by an adult, would constitute first-degree rape and attempted first-degree sexual abuse. In the juvenile proceeding, he entered into a stipulation that "he, his attorney, or any other person on or for his behalf, will not file with the Juvenile Court a Motion for Dismissal or Motion to Set Aside" that adjudication. Under ORS 163A.130, a person such as petitioner who has been required to register as a sex offender may petition the court for relief from the reporting requirement based on a showing, among other things, that the person has been rehabilitated and does not pose a threat to the safety of the public. In the present case, the trial court stated that petitioner's showing of rehabilitation "would have weighed very strongly" in favor of relief from the registration requirement, but concluded that it could not grant such relief because petitioner's stipulation that he not move to set aside the juvenile court adjudication precluded such relief.

Petitioner argues that the juvenile court stipulation is a plea agreement, and when a plea agreement is unambiguous, it must be enforced according to its terms. *State v. Heisser*, 350 Or 12, 25, 249 P3d 113 (2011). In the trial court, the state argued, and the court agreed, that, because at the time petitioner entered into the juvenile court stipulation there were no statutes authorizing relief from the registration requirement unless the adjudication itself was set aside, the parties necessarily intended to preclude petitioner from ever seeking relief from registration. The stipulation, however, does not say that. Instead, it is unambiguous that it restricts only petitioner's ability to seek relief from the juvenile *adjudication*, and does not, by its terms,

restrict petitioner's ability to seek relief from the registration requirement. It, therefore, must be enforced based on the terms specified, and not on unarticulated assumptions that the parties may have made when setting forth those terms. Petitioner also asserts that denial of relief under these circumstances would violate the Eighth Amendment to the United States Constitution, but we need not reach that argument given our disposition.

Reversed and remanded.